UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIAZ SUPERMARKET, INC.,                )
        Plaintiff                          )
                                           )
                                           )
        v.                                 )    Civil Action No. 10-30238-KPN
                                           )
                                           )
UNITED STATES OF AMERICA,              )
        Defendant

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION FOR DETERMINATION OF SCOPE OF REVIEW (Document No. 12)
August 23, 2011

NEIMAN, U.S.M.J.

This is an action for judicial review of a decision by the U.S. Department of Agriculture, Food and Nutrition Service ("FNS") in which Diaz Supermarket, Inc. ("Plaintiff") challenges FNS's imposition of a reciprocal disqualification from the Supplemental Nutrition Assistance Program ("SNAP") based on its prior disqualification from the Supplemental Nutrition Program for Women, Infants, and Children ("WIC").[1] Presently, Plaintiff has moved for a ruling on the appropriate scope of review to be applied in this case. Plaintiff asserts that it is entitled to a trial de novo to present new evidence of hardship not previously presented to FNS. The Government, in the name of FNS, responds that the court's review should be limited to a determination of whether the agency's sanction was "arbitrary and capricious." For the following reasons, the court agrees with FNS.

---

[1] As of October 1, 2008, the Food Stamp Program was renamed the Supplemental Nutrition Assistance Program ("SNAP") and it will be so referred to herein.

I. P̲r̲o̲c̲e̲d̲u̲r̲a̲l̲ ̲H̲i̲s̲t̲o̲r̲y̲

In 2007, Plaintiff was disqualified from the WIC program for a period of three years. Plaintiff pursued an administrative and judicial appeal, but its eventual disqualification from the WIC program is not currently in dispute.

In March of 2009, the New Hampshire/Vermont Field Office ("Field Office") of FNS notified Plaintiff that, due to its prior disqualification by state authorities from the WIC program, it was being considered for disqualification from SNAP or, in the alternative, for the imposition of a civil monetary penalty in lieu of disqualification upon a finding of hardship to participating SNAP households. (*See* Ex. 3 Attached to FNS's Motion for Clarification of Determination of Scope of Review.) The Field Office offered Plaintiff the opportunity to submit evidence but, although initially indicating that it intended to do so, Plaintiff ultimately failed to provide any additional materials. (*See* Ex. A at 3, Attached to Complaint).

After review, the Field Office informed Plaintiff that it was not eligible for a civil monetary penalty because there was no evidence of hardship pursuant to the applicable regulations and disqualified Plaintiff for a period of three years (the same length of time that Plaintiff had been disqualified from the WIC program). Plaintiff appealed that determination to FNS. FNS too offered Plaintiff the opportunity to submit additional evidence of hardship, but again Plaintiff failed to do so. (*Id.* at 4.) FNS conducted a review of the appropriateness of the Field Office decision and, agreeing with its hardship determination, concluded that a civil monetary penalty was unavailable to

Plaintiff. (*Id.*)  This action followed.[2]

## II. DISCUSSION

Plaintiff's motion requires this court to navigate a veritable maze of federal regulations.  One regulation provides that "FNS shall disqualify from the Food Stamp Program any firm [*i.e.*, retailer] which is disqualified from the WIC program" if the firm is found to have engaged, in applicable part, in "a pattern of claiming reimbursement for the sale of an amount of a specific food item which exceeds the store's documented inventory of that food item for a specified period of time."  7 C.F.R. § 278.6(e)(8)(i)(A). Another regulation provides, however, that "FNS shall not disqualify a firm from the Food Stamp Program on the basis of a WIC disqualification unless . . . a determination is made in accordance with paragraph (a) of this section that such action will not cause a hardship for participating Food Stamp households."  7 C.F.R. § 278.6(e)(8)(ii)(C).  In turn, paragraph (a) states, in part, that "FNS may, in lieu of a disqualification, subject a firm to a civil money penalty . . . for each violation if FNS determines that a disqualification would cause hardship to participating households."  7 C.F.R. § 278.6(a). Yet another paragraph of § 278.6, (f)(1), states -- similarly to paragraphs (a) and (e)(8)(ii)(C) -- that a civil monetary penalty may be imposed in lieu of disqualification upon a finding of hardship; only (f)(1), however, further defines hardship as premised on a finding that "no other authorized retail food store in the area sell[s] as large a variety of staple food items at comparable prices."  7 C.F.R. § 278.6(f)(1).

---

[2] The court notes that, during the pendency of Plaintiff's appeals and, indeed, the current action, implementation of the SNAP disqualification has been held in abeyance. (*See* Ex. A Attached to Complaint.)

3

The governing statute and regulations also provide for a system of administrative and judicial review of FNS determinations. *See* 7 C.F.R. § 278.8; 7 U.S.C. § 2023(a)(5). If the adverse action is based on a direct violation of SNAP found by FNS itself, the retailer may seek judicial review via a trial de novo. 7 U.S.C. § 2023(a)(13), (15), (16); 7 C.F.R. § 279.7(a). However, when the disqualification is imposed as reciprocal discipline following the retailer's WIC disqualification by state authorities, as is the case here, the aggrieved party ostensibly cannot obtain judicial review. *See* 7 U.S.C. § 2021(g)(2)(C) (a reciprocal disqualification, "notwithstanding section 14 [7 U.S.C. § 2023], shall not be subject to judicial or administrative review."); 7 C.F.R. § 278.6(e)(8)(iii)(C).

Despite this general bar to judicial review in reciprocal matters, courts have found that an aggrieved party can nonetheless obtain judicial review of the sanction imposed when reciprocal discipline is otherwise called for, although that review is quite limited in scope. *See Simone Enterp., LLC, d/b/a Midtown Market v. U.S. Dep't of Agric.*, No. 11-CV-301, 2011 WL 3236222, at *3 (E.D. Wis. July 27, 2011) (noting that, under 7 U.S.C. § 2021(g), "the decision not to impose a civil money penalty [in a case involving reciprocal disqualification] is not expressly exempted from judicial review" but finding that the "scope of judicial review is limited to determining whether the agency properly applied the regulations"); *Dasmesh Enterp., Inc. v. United States*, 501 F. Supp. 2d 1033, 1039 (W.D. Mich. 2007) (noting that, in a case involving reciprocal disqualification, "[e]ven though the Court has jurisdiction to review the agency's decision not to impose a money penalty in lieu of disqualification, the determination of a sanction to be applied by an administrative agency . . . is subject to very limited judicial review."). FNS

4

acknowledges that the statutory and regulatory provisions appear to bar judicial review but concedes that case law has since clarified that review is available regarding its determination of hardship and alternative civil monetary penalties.  In such instances, FNS maintains, review is limited to whether its determination was arbitrary and capricious.

In counterpoint, Plaintiff asserts that the scope of judicial review of FNS's choice of sanctions for a reciprocal disqualification is de novo.  As Plaintiff notes, the First Circuit has not squarely addressed the scope of review of the agency's sanction when imposed as a reciprocal violation for a retailer's disqualification from WIC.  However, in a case involving a direct violation of SNAP where a trial de novo is provided by statute, the First Circuit concluded that such a trial is not available with regard to the agency's choice of sanctions.  *See Broad St. Food Mkt. v. United States*, 720 F.2d 217, 220 (1st Cir. 1983).  Rather, the First Circuit concluded, once a court "upholds the agency's finding of violation, [its] only remaining task is to examine the sanction imposed in light of the administrative record to judge whether the agency properly applied its regulations, *i.e.*, whether the sanction is 'unwarranted in law . . . or without justification in fact."  *Id.*  Accordingly, the First Circuit reversed the trial court's decision to allow the plaintiff to introduce new evidence regarding hardship not previously before the agency.

Plaintiff makes a valiant, albeit convoluted, effort to distinguish *Broad St.*  In essence, Plaintiff argues that, because *Broad St.* involved a direct SNAP violation, the agency there applied paragraph (f)(1), which states that "FNS *may* impose a civil money penalty as a sanction in lieu of disqualification" upon a finding of hardship.  7 C.F.R. § 278.6(f)(1) (emphasis added).  Plaintiff argues that this grant of discretion under (f)(1)

5

stands in contrast to the mandatory language in paragraph (e)(8)(ii)(C), which governs reciprocal violations, as in the case here. That paragraph provides that "FNS *shall not* disqualify a firm from the Food Stamp Program on the basis of a WIC disqualification unless . . . such action will not cause a hardship for participating Food Stamp households." 7 C.F.R. § 278.6(e)(8)(ii)(C) (emphasis added). As a result, Plaintiff maintains, the imposition of an alternative civil monetary penalty, which Plaintiff would prefer, is mandatory upon a finding of hardship in reciprocal violation cases under e(8)(ii)(C), while in direct violation cases it is merely permissive. Thus, Plaintiff posits, judicial review in reciprocal violation cases -- where FNS is mandated to impose one sanction over another in certain instances -- should be broader, *i.e.*, de novo, than that afforded to direct violation cases where the determination of sanctions is left to the agency's discretion. Plaintiff, however, provides no case law to support this novel proposition.

In the court's view, Plaintiff places too fine a point on the permissive/mandatory distinction as appears to exist in direct/reciprocal violation cases. Where, as in this reciprocal violation case, the FNS determines that no hardship would result from a retailer's disqualification, it has no more discretion to impose a civil monetary penalty than it does in a case involving a direct violation when no hardship is found. In the absence of a finding of hardship, paragraph (f)(1) indicates that a civil monetary penalty is unavailable, thereby mandating disqualification. *See* 7 C.F.R. § 278.6(f)(1). In other words, in all cases where FNS has made a finding of "no hardship," whether in a direct violation or a reciprocal violation case, it has no choice but to sanction the retailers by disqualifying them from the program for certain periods of time. That, in fact, was true in

6

*Broad St.* where, as the First Circuit noted, FNS "rejected the [plaintiff's] arguments regarding hardship and imposed the sanction of a one-year disqualification." True, the violation in the instant case is for three years, but that is what the law mandates. *See* 7 U.S.C. § 2021(g)(2)(A) (requiring that any disqualification of retailers from SNAP who are disqualified under the WIC program "shall be for the same length of time as the disqualification from the [WIC] program.").

In the end, Plaintiff's narrow reading of *Broad St.* is unwarranted. If anything, when the First Circuit concluded that the sanction imposed by the agency was subject to limited review only, it relied on the "clear language" in the legislative history of the 1977 amendments to the Food Stamp Act. The congressional committee considering the amendments granted the agency the power to impose civil monetary penalties but expressly noted that it did "not intend that, in the trial de novo . . . of the final administrative determination of disqualification, the sanction or period of disqualification imposed would itself be subject to judicial review." *Broad St.*, 720 F.2d at 219 (quoting H.R. Rep. No. 464, 95th Cong., 1st Sess. 397-98, *reprinted in* 1977 U.S. Code Cong. & Ad. News 1978, 2326-27). Rather, the committee report continued, "[t]he trial de novo as set forth in section 14," and now relied on by Plaintiff, "should be limited to a determination of the validity of the administrative action, but not of the severity of the sanction." *Id.* If Congress did not intend to afford a retailer de novo review of the severity of the sanction even when a court is entitled to conduct de novo review of the underlying violation, there is no reason to believe, and Plaintiff proffers none, that Congress intended to allow such review in instances when it entirely precluded review of the underlying violation. The court, therefore, finds unavailing Plaintiff's attempt to

distinguish the instant case from *Broad St.* Rather, the court finds that the appropriate standard of review here is, as asserted by FNS, whether the agency's sanction determination was arbitrary and capricious.

Persevering, Plaintiff asserts that it should nonetheless be entitled to a trial de novo because FNS failed to follow its own guidelines when it made its determination (that no hardship would result from Plaintiff's disqualification) pursuant to paragraph (f)(1) rather than paragraph (a) of § 278.6. As described, paragraph (f)(1) provides that a civil monetary penalty may be imposed in lieu of disqualification upon a finding that disqualification would "cause hardship to food stamp households because there is no other authorized retail food store in the area sell[s] as large a variety of staple food items at comparable prices." 7 C.F.R. § 278.6(f)(1). In some contrast, § 278.6(e)(8)(ii)(C) requires FNS to make a determination regarding hardship in accord with paragraph (a), which provides that "FNS may, in lieu of a disqualification, subject a firm to a civil money penalty . . . for each violation if FNS determines that a disqualification would cause hardship to participating households." 7 C.F.R. § 278.6(a). Paragraph (f)(1), Plaintiff argues, imposes a higher standard on retailers.

Unfortunately for Plaintiff's cause, its argument is unpersuasive. First, as Plaintiff concedes, neither § 278.6(e)(8)(ii)(C) nor paragraph (a) of § 278.6 defines the term "hardship" and nothing in either provision prohibits the agency from considering whether there exists any "other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." 7 C.F.R. § 278.6(f)(1). Indeed, Plaintiff could not offer the court any example of how the definition of hardship as used in paragraph (e)(8)(ii)(C) might differ substantively from that used in paragraph (f)(1) in

light of the fact that both provisions explicitly mandate that "hardship" be evaluated only with regard to that borne by "Food Stamp households." 7 C.F.R. § 278.6(e)(8)(ii)(C), (f)(1).

Second, even assuming that Plaintiff is somehow correct that the agency applied an incorrect definition of hardship, that argument is more appropriate as a challenge to the agency's determination as arbitrary and capricious than as a basis for further expanding the court's scope of review.  *See Dasmesh Enterp., Inc.*, 501 F. Supp. 2d at 1038 (courts have jurisdiction to inquire "whether the agency properly applied the regulations *i.e.*, whether the sanction is 'unwarranted in law' or 'without justification in fact.'" (quoting *Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993))).  Plaintiff's position is further undermined by the fact that it twice had the opportunity to present evidence of hardship before the administrative agency but failed to do so.  In essence, Plaintiff seeks to now do indirectly (expand the record under the rubric of de novo review) what it failed to do directly (submit evidence to the administrative agency for its consideration).  This approach is particularly inappropriate given the Supreme Court's admonition that, in applying the arbitrary and capricious standard, the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

Third, Plaintiff's argument for a broader scope of review -- to the extent it is grounded in its belief that the instant sanction is too harsh given the apparently modest nature of the underlying WIC violation -- also falls short.  The argument is not only result-oriented, but it is based on policy considerations only.  In any event, the argument fails in the face of the clearly written and narrowly defined statutory provisions and

9

regulations at hand.

### III. CONCLUSION

For the reasons stated, the court concludes that its review is limited to whether FNS's imposition of a three year disqualification rather than a monetary penalty was "arbitrary and capricious." To the extent Plaintiff's motion argues for a trial de novo, therefore, it is DENIED.

IT IS SO ORDERED.

DATED: August 23, 2011

/s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge